Chief Justice Kobertson,
delivered the opinion of the court.
Ow the i7th of December, 1823, a fieri facias was issued from the Garrard circuit court, directed to the sheriff of Madison county in favor of the -plaintiff’s intestate and against the esiate of Joseph Lees. Miller purchased a slave at the sheriff’s sale under this execution, and gave his bond with Sullinger as his surety, payable two years after date. The date of the bond is alleged to be since the 2d of January, ■1824. “ .
The creditor having died intestate in the mean time, the plaintiff, as his administrator, proceeded by scire facias, for the purpose of obtaining judgment for execution of the sale bond. ’The circuit court sustained a demurrer to the scire facias; and thereupon rendered judgment for the defendants.
As the scire facias is sufficiently formal, and contains every essential averment, we shall consider only one point, and on which, (as we presume,) the demurrer was sustained.
The defendants insist’, that when their bond was executed, there was no law in force authorizing it.
The act of 2d January, 1824, did not repeal the 7th section of the act of 1820. This section of the act of 1820, is not inconsistent with any thing in the act of 1824, or in that of 7th December, 1821, abolishing imprisonment for debt, or in that of December 21st, 1821, regulating endorsements on executions, it is not therefore, repealed by construction. The legislature did not intend to repeal it. This is made undeniably manifest, by the tenor of legislation for a series of years, as has been heretofore decided by this court, in a case between these same parties. The bond is, therefore, a valid statutory obligation.
Wherefore, the judgment of the circuit court is reversed and the cause remanded with instructions to ■overrule the demurrer